FILED

2011 Jun-29  AM 09:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES L. COTHRUM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 5:10-CV-3424-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on "Commissioner's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Case to Defendant." (Doc. 13). The Commissioner contends that reversal and remand is appropriate so that an Administrative Law Judge ("ALJ") can

> associate this claim with Plaintiff's subsequent application for Supplemental Security Income, dated October 20, 2010, and issue a new decision on the associated claims. In making this decision, the ALJ will fully consider and address all the medical opinions and will reassess Plaintiff's residual functional capacity (RFC) in terms of both physical and mental limitations and provide a rationale for any limitations imposed or not imposed. If necessary, the ALJ will obtain evidence from a medical expert to clarify the nature, severity and resultant limitations of Plaintiff's impairments.

Once Plaintiff's RFC is established the ALJ will obtain, if necessary, evidence from a vocational expert (VE) to identify examples of jobs in the national economy that Plaintiff can perform. Further, before relying on the expert evidence the ALJ will, in accordance with Social Security Ruling 00-4P, identify and resolve any conflicts between the occupational evidence provided by the VE and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations.

The Motion expressly states that Plaintiff "consents to this motion." (Doc. 13, p. 1).

Under Sentence Four of 42 U.S.C. § 405(g), the court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting 42 U.S.C. § 405(g). The Commissioner's Motion is **GRANTED**. Accordingly, the decision of the Commissioner is hereby **REVERSED**, and this action is **REMANDED** to the Commissioner for further proceedings.

This Order does not address Plaintiff's arguments in favor of reversal of the Commissioner's final decision that gave rise to this appeal, and is entered without prejudice to Plaintiff's right to reassert those arguments in a subsequent appeal should the Commissioner issue an unfavorable decision following remand.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby

granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. ***This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.***

**DONE** and **ORDERED** this the 29th day of June, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

3